*1807.*

M'RHEA
*v.*
PLUMMER.

----

## Lessee of PATTERSON *against* COCHRAN.

THIS was an ejectment for lands lying north and west of the Ohio &c. It was tried before *Yeates* J. at a Circuit Court for *Beaver* in *September* 1806, when the following facts appeared in evidence. The plaintiff's title was founded on a warrant dated the 14th *April* 1792, which was entered in the deputy surveyor's office on the 10th *June* 1793, and a survey made thereon the 6th *April* 1795. In the spring of 1797, the defendant entered on the land, made an improvement, and resided there at the time of trial. In the summer of 1797 the defendant received warning to leave the land from *Ennion Williams* the agent of the Population company, to whom in fact it belonged; but he refused to give up the possession, and told *Williams* that " he held in opposition to the Population company, and meant so to hold." The court was of opinion that although the plaintiff had made no actual settlement, yet as he was prevented therefrom by hostilities, and was entitled to two years from the pacification by General *Wayne's* treaty for making it, a refusal by the defendant during that period to deliver up the possession, estopped him from urging a want of settlement.

*Pittsburg, Friday, September 18th.*

The want of an actual settlement within two years from the pacification with the Indians, cannot be set up against the title of a warrantee under the act of April 3d 1792, by a person who has taken wrongful possession of the land, and before the expiration of the two years has refused to deliver it up to the warrantee.

A bare refusal is enough to estop the possessor, without the threat or use of actual force.

1807.

Lessee
of
PATTER-
SON
v.
COCHRAN.

ment against the plaintiff's title. The jury however found for the defendant. A new trial was then awarded, and the defendant appealed from the decision to this court.

*A. W. Foster* for the defendant, said that he took the law to be settled that there could be no title without an actual settlement within two years from the pacification by General *Wayne's* treaty. The act of assembly of 3d *April* 1792, recognises no prevention but by force of arms of the enemies of the *United States;* and in this case the defendant merely refused to deliver up the part he occupied, without any display or threat of resistance. To prevent the defendant from alleging this matter, it should at least be shewn that he had held the plaintiff out by force; it might then be a different case. If A. is bound in a bond conditioned to enfeoff J. S. and the obligee disseises A. this is no plea to the bond, because he might have entered and made the feoffment, and the obligor is bound to do all he can; but it would have been a good plea, that the obligee held him out by force, so that he could not enter. *Lancashire* v. *Killingworth.* (a) *Co. Litt.* 206. *b.*

*Woods* for the plaintiff, said that the defendant had entered during the two years, and had declared an intention to hold possession; which was all that was necessary to bring it within *Hazard's lessee* v. *Lowry.* (b) The plaintiff had a right to settle on any part of the land, and the law does not demand of any man that he shall actually encounter danger in order to enforce his right, but always justifies his recourse to an action. The defendant has wrongfully prevented the settlement, and therefore he cannot object the want of it.

TILGHMAN C. J. after stating the facts, proceeded as follows. The defendant relies on the defect in the plaintiff's title, a settlement not having been made in pursuance of the act of 3d *April* 1792. It was decided by this court on the motion for a *mandamus* to *Tench Coxe*, (c) and on the trial of the issue at *Sunbury* at the special court directed to be held by an act of Assembly, (d) that if a warrantee was prevented by war from

(a) 1 *Ld. Ray.* 686.
(b) *Ante p.* 166.

(c) 4 *Dall.* 170.
(d) 4 *Dall.* 237.

making a settlement in two years from the date of the warrant, his title was not extinguished, but he should be allowed a *reasonable* time for making such settlement after the prevention by war ceased. And it was determined by this court at this place last *September* term, in the case of *Hazard's lessee* v. *Lowry*, that such reasonable time was not less than two years from the pacification by General *Wayne's* treaty with the Indians. Now the plaintiff was prevented from making a settlement within two years from the pacification by *Wayne's* treaty, by the wrongful act of the defendant, who refused to give up the land which he had improperly entered on. I say he was hindered, because although the defendant did not occupy the whole land, yet having said that he held and meant to hold against the Population company, the probability was that if the plaintiff had attempted to take possession, it might have been attended with personal injury. The law compels no man to run risks of this kind. Having demanded possession, which the defendant refused to deliver, the plaintiff's most prudent line of conduct was that which he has pursued, to appeal to the laws of his country for redress. The defendant having thus hindered the plaintiff from making a settlement, shall not be permitted to defend himself against the plaintiff because a settlement has not been made. There are many cases in which it has been held contrary to equity and good conscience, and destructive of morality, to permit defendants in ejectment to take advantage of a defect in the plaintiff's title. A man who has received land under a lease, is not permitted to controvert the title of his lessor. A mortgagee omits to record his mortgage in six months; although the mortgage is declared by act of Assembly to be of no validity, yet it has been decided that a person who purchases from the mortgagor with notice of the mortgage, shall hold the land subject to the mortgage. The present case is much stronger than either of them. It would be an outrage on society, a violation of the first principles of sound policy and good government, to permit a wrong-doer thus to derive benefit from his wrongful conduct. Indeed the very question in dispute is not new in this court. In the case of *Neighman* v. *Staines*, tried at *Nisi Prius* before Judges *Yeates* and *Smith*, and in the case of the *mandamus*, and in that of *Hazard's lessee* v. *Lowry* which I have mentioned before, the court expressed their opinion that a warrantee who had not made a settlement, might recover in ejectment

1807.

Lessee of Patterson v. Cochran.

1807.

Lessee
of
PATTER-
SON
v.
COCHRAN.

against a person who had entered on the land and settled during the time allowed by law for the warrantee to make his settlement. I am therefore of opinion that Judge *Yeates* was right in telling the jury that upon the evidence given in this case, the plaintiff was entitled to recover, and that he was right in ordering a new trial.

SMITH J. concurred.

BRACKENRIDGE J. dissented from the opinion of the court, because he was of opinion that whether the plaintiff was or was not prevented by the defendant from making a settlement, was a fact for the consideration of the jury. He admitted at the same time that the court might order a new trial, where the jury had found clearly against the evidence; but as he was not satisfied that they had done so in the present case, he was against the new trial.